JUSTIN KIRK TABAYOYON, S.B.N. 288957
**LAW OFFICES OF JUSTIN KIRK TABAYOYON**
1401 21st Street, Suite 5242
Sacramento, CA 95811
Telephone: (707) 726.6009
justin@tabayoyonlaw.com

Attorney for Plaintiff, **MYLES LEROY TOMERLIN**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MYLES LEROY TOMERLIN**,<br>  Plaintiff,<br>v.<br><br>**ROSENDO MESA** in his individual capacity and in his official capacity as police officer for **CITY OF VALLEJO**; and **DOES 1-50**, inclusive, individually and in their official capacities as peace officers for **CITY OF VALLEJO**, jointly and severally,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; SUPPLEMENTAL STATE LAW CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This action is brought pursuant to Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 U.S.C. §§ 1331 and 1343.

### VENUE AND INTRADISTRICT ASSIGNMENT

2. The unlawful acts and practices alleged herein occurred in the City of Vallejo, County of Solano, California, and this action is properly assigned to the United States District Court for the Central District of California. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(2).

### CALIFORNIA TORT CLAIMS ACT COMPLIANCE

3. On or about April 7, 2022, Plaintiff served government entity defendant City of Vallejo with the attached Claim for Damages. On information and belief, it was received by the City of Vallejo's Clerk Office on April 13, 2022, and on the same date the City Clerk sent Plaintiff's attorney correspondence acknowledging receipt of the claim. To date Plaintiff has not received notice of rejection of the claim from the City of Vallejo.

### PARTIES AND SIGNIFICANT ACTORS

4. Plaintiff MYLES LEROY TOMERLIN ("TOMERLIN") was at all relevant times mentioned herein, a competent adult resident of the State of California.

5. At all times mentioned, Defendant ROSENDO MESA ("MESA") was employed by the City of Vallejo Police Department and acting under the color of state law and as the employee, agent, or representative of the City of Vallejo. This defendant is being sued in his individual capacity and his official capacity as a peace officer for the City of Vallejo Police Department, and City of Vallejo is required to indemnify this defendant pursuant to Government Code Section 825.

6. CITY OF VALLEJO ("CITY"), California, is a public entity established by the law and Constitution of the State of California, and owns, operates, manages, directs, and controls the City of Vallejo Police Department which employs the defendants in this action. CITY is required by California Government Code Section 825 to defend and indemnify its employees against any claim or action for an injury arising out of an act or omission occurring within the scope of employment with CITY. CITY is not a specifically named defendant in this action.

7. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Upon ascertaining the identity of a DOE defendant, Plaintiff will amend this complaint or seek leave to do so by inserting the true name of such DOE defendant.

8. Plaintiff is informed and believes and thereon alleges that each DOE defendant is responsible in some manner for the injuries and damages set forth herein. At all times mentioned, each named DOE defendant was the agent, employee or otherwise a co-venturer of

CITY, and in doing the things alleged, was acting under the color of state law and within the course and scope of the agency or employment and with the actual or implied permission, consent, and approval of CITY.

9. In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment with CITY. Due to the acts and/or omissions alleged herein, defendants, and each of them, acted under the color of authority and/or the color of law. Due to the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee, and/or in concert with each of said other defendants herein.

## GENERAL FACTUAL ALLEGATIONS

10. Some allegations made in this complaint are based on information and belief and with the reasonable belief that discovery will provide evidence supporting the factual allegations.

11. On or about March 12, 2022, TOMERLIN was driving his vehicle when Zack Horton, acting under the color of the law, contacted TOMERLIN by initiating a traffic stop on his vehicle.

12. As Vallejo officers are widely known to the community to be violent and are widely believed by the local community at large to have murdered several members of the public with impunity and without being held accountable by the command staff of the Vallejo Police Department and the CITY, TOMERLIN was completely terrified to yield for the officers, out of fear of being physical abused or murdered by them, as other citizens have been.

13. After TOMERLIN yielded his vehicle, he waited compliantly in his vehicle with the window rolled down and offered no resistance to the officers. MESA then commanded and/or allowed his K-9 partner "Loki" to engage TOMERLIN in violation of department policy.

14. Although MESA didn't have any probable cause to believe TOMERLIN posed an immediate threat of death or serious physical injury to the officer or third parties or otherwise posed a threat justifying the use of such force, MESA allowed Loki to attack and bite TOMERLIN.

15. MESA allowed Loki to jump through the driver side window of TOMERLIN' vehicle and attack TOMERLIN, biting him violently on his left bicep for approximately 23 seconds, while MESA did nothing to prevent the attack and/or commanded Loki to continue the attack.

16. CITY equipped Loki with an E-Collar. MESA intentionally failed to use it to prevent and stop Loki's attack. Instead of activating the E-Collar and keeping it activated before Loki made contact, Officer Mesa allowed and/or commanded Loki to attack TOMERLIN without any justifiable cause.

17. As a result of MESA AND DOES 1-50, inclusive, actions under the color of the law and within the scope of their duties as police officers for CITY, TOMERLIN suffered severe emotional distress, pain and suffering, and other significant and permanent injuries.

18. Currently, TOMERLIN has trouble sleeping through the night, is scared of dogs and terrified of going out on the street due to the Police, he does not feel safe in the community. The full scope and extent of TOMERLIN' injuries that were proximately caused by the officers' actions is still fluid.

19. TOMERLIN has permanent and ongoing fear and anxiety as a direct result of the constitutional violations described in this complaint.

## FIRST CAUSE OF ACTION

### Civil Rights

### 42 U.S.C. § 1983 / Excessive force

(Against Officer ROSENDO MESA and DOES 1-50)

20. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if they were set forth herein full.

21. Plaintiff brings this civil rights cause of action under the 4th Amendment as applied by the 14th Amendment related to the unreasonable and unconstitutional excess of force applied to him on March 12, 2022

22. At all times and given the circumstances of the situation, MESA and DOES 1-50, inclusive, did not have any reason to believe that TOMERLIN posed an immediate threat of any kind. TOMERLIN was not resisting the arrest, nor was it reasonable to believe that he posed an immediate and present threat to any officer justifying the amount of force used by MESA. There were numerous less lethal alternatives to conduct the procedure given the low severity of the supposed reckless driving that TOMERLIN was stopped for.

23. In light of the facts and circumstances of the situation, the force that MESA and DOES 1-50, inclusive, applied on TOMERLIN was disproportionate, excessive, unreasonable, and unnecessary to achieve a legitimate law enforcement objective.

24. By failing to stop and/or commanding Loki to savagely attack TOMERLIN for 23 seconds, MESA and DOES 1-50, inclusive, deprived TOMERLIN of his federal right to be protected from the use of excessive force.

25. TOMERLIN seeks punitive damages directly against MESA and DOES 1-50, inclusive, for unreasonable and unconstitutional excess of force applied to him, on March 12, 2020.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION

### Tom Bane Civil Rights Act

26. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if they were set forth herein full.

27. By their acts, omissions, customs, practices, and policies, MESA and DOES 1-50, inclusive, acting together as described in the preceding and subsequent paragraphs, violated TOMERLIN' rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   a. The right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment and incorporated to apply to the states by the Fourteenth Amendment;

   b. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, § 13; and

   c. The right to protection from bodily restraint, harm, or personal insult, as secured by the Cal. Civil Code § 43.

28. As a result of the violation of TOMERLIN's rights under the United States and/or California Constitutions, TOMERLIN is entitled to relief under California Civil Code § 52.1, against MESA AND DOES 1-50, inclusive, including costs, reasonable attorney fees, three times actual damages and civil penalties.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION

### Assault and Battery

29. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if they were set forth herein full.

30. On March 12, 2023, during the traffic stop in which TOMERLIN yielded peacefully, MESA and DOES 1-50 acted with the intention to cause harmful contact with TOMERLIN by releasing the K-9 "Loki". Furthermore, MESA and DOES 1-50 harmed TOMERLIN by using unreasonable force to arrest TOMERLIN.

31. TOMERLIN reasonably believed that he was about to be attacked by Loki.

32. MESA intentionally allowed Loki to attack and bite TOMERLIN' left bicep for approximately 23 seconds.

33. TOMERLIN never consented to the use of that force against him.

34. TOMERLIN was severely harmed, and the use of this force was a substantial factor in causing TOMERLIN' harm.

35. TOMERLIN is informed and believes and thereon alleges that said acts were intentional, willful, malicious, oppressive and/or done with a conscious and/or reckless disregard for his rights.

36. TOMERLIN seeks punitive damages directly against MESA and DOES 1-50, inclusive, for the assault and battery perpetrated against him by MESA and DOES 1-50, inclusive, on March 12, 2020.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

37. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if they were set forth herein full.

38. Defendant's conduct as described herein was extreme, unreasonable, and outrageous.

39. In engaging in the conduct as described herein, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that TOMERLIN would suffer extreme emotional distress as a result of the actions of MESA and DOES 1-50, inclusive.

40. As a result of the intentional acts and/or omissions of MESA and DOES 1-50, inclusive, TOMERLIN suffered severe emotional distress and will continue to do so.

41. The actions of MESA and DOES 1-50, inclusive, were a substantial factor in causing severe emotional distress upon TOMERLIN.

42. TOMERLIN seeks punitive damages directly against MESA and DOES 1-50, inclusive, for the intentional infliction of emotional distress upon him by MESA and DOES 1-50, inclusive, on March 12, 2020.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### Common Law Negligence

43. Plaintiff restates and incorporates the preceding and subsequent paragraphs as if they

were set forth herein full.

44. By failing to prevent and stop Loki from attacking TOMERLIN, MESA and DOES 1-50, inclusive, breached their duty to TOMERLIN to use ordinary care to prevent Loki from harming TOMERLIN.

45. As a result of this breach of duty, TOMERLIN suffered severe emotional distress, pain and suffering, and other significant and permanent injuries.

46. MESA AND DOES 1-50, inclusive, let a trained canine savagely attack TOMERLIN for approximately 23 seconds, and failed to activate and maintain activated Loki's E-Collar, a device that is designed to make a canine stop an attack in progress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each defendant herein, jointly, and severally:

a. special and general damages in an amount to be determined according to proof and which is fair, just, and reasonable;

b. for punitive damages, as to the First, Third, and Fourth Causes of Action, as permitted by law and according to proof, as to defendants' ROSENDO MESA and DOES 1-50, inclusive;

c. all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 USC §§1983, 1988, and as otherwise may be allowed by state or federal law;

d. such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues and claims for relief.

Dated: 8/17/2023        **LAW OFFICES OF JUSTIN KIRK TABAYOYON**

By:    /s/ Justin Kirk Tabayoyon
       _____
       JUSTIN KIRK TABAYOYON
       Attorney for Plaintiff